UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE WELLS,<br>    Plaintiff,<br>    v.<br>CAROLYN W. COLVIN,<br>    Defendant. | Case No.  12-cv-05287-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 15, 18 |

Plaintiff Jeffrey Wells seeks judicial review of the Social Security Administration Commissioner's ("Commissioner") denial of his application for disability insurance benefits and supplemental security income pursuant to 42 U.S.C. § 405(g).  Before the Court are Plaintiff's motion for summary judgment and the Commissioner's cross-motion for summary judgment.  For the reasons stated below, Plaintiff's motion will be GRANTED and the Commisioner's cross-motion will be denied.

**I.   BACKGROUND**

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income in December 2008.  AR 8.  Both claims were initially denied in January 2009 and denied upon reconsideration in October 2009.  AR 89, 96.  In December 2009, Plaintiff requested a hearing, which was held in November 2010 before an Administrative Law Judge ("ALJ").  AR 42–81.  The ALJ heard testimony from both Plaintiff and vocational expert Robert Raschke.  Id.

In January 2011, the ALJ held that Plaintiff was not disabled under the meaning of the Social Security Act.  AR 8–23.  The ALJ's decision became a final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review in August 2012.  AR 1.

Having exhausted his administrative remedies, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g).  On June 4, 2013, Plaintiff filed his motion for summary

1   judgment. Pl.'s Mot., ECF No. 15.  On August 1, 2013, the Commissioner filed an opposition to

2   Plaintiff's motion as well as a cross-motion for summary judgment.  Def.'s Cross-Mot., ECF No.

3   18.

## II.   STANDARD OF REVIEW

The Commissioner's denial of benefits may be set aside only if the ALJ's "findings are based on legal error or are not supported by substantial evidence in the record as a whole." Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (quotation omitted).  "Substantial evidence means more than a mere scintilla, but less than a preponderance.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (citation omitted).

Courts must review the administrative record as a whole to determine whether substantial evidence supports the ALJ's decision.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citation omitted).  "[W]here the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed."  Id. (internal quotation marks omitted).  However, courts "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."  Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

## III.   ANALYSIS

Federal regulations provide a five-step sequential evaluation for determining whether a claimant is disabled within the meaning of the Social Security Act.  See 20 C.F.R. §§ 404.1520; 416.920.  The five steps are as follows:

> (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> (2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.
>
> (3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

>   (4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
>   (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006). The claimant has the burden of proving steps one through four. Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001). The burden then shifts to the Commissioner at step five to show that the claimant can perform other work in the national economy. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). The Commissioner must provide evidence about the existence of work in the national economy that the claimant can perform, given the claimant's residual functional capacity ("RFC"),[1] age, education, and work experience. 20 C.F.R. § 416.912(f).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 1998; that Plaintiff had the following severe impairments: low back pain, right knee pain, neck pain, pseudoseizure disorder, alcohol abuse, and headaches; and that Plaintiff did not have an impairment or combination of impairments that either was listed in the regulations or was medically equivalent to one of the listed impairments. AR 10–11. The ALJ then determined Plaintiff's RFC before proceeding to steps four and five. The ALJ determined:

>   [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently; sit six hours in an eight-hour workday, and stand and/or walk two hours in an eight-hour workday, with the need to frequently change positions; and occasionally climb, balance, stoop, crouch, kneel, or crawl. The claimant must avoid concentrated exposure to hazards and cannot perform repetitive pushing and pulling with the lower extremities. The claimant is limited to one-to-two step simple instruction jobs that do not require any reading or writing, and occasional contact with coworkers, supervisors, and the general public.

AR 11–12. At step four, the ALJ found that Plaintiff was unable to perform any past relevant

---

[1] A claimant's residual functional capacity ("RFC") is the most that the claimant "can still do despite [his/her] limitations" and is assessed "based on all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

3

work. AR 22. At step five, relying on the vocational expert's testimony, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including positions as a shade assembler and as a masker. Id. The ALJ concluded that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 23.

Plaintiff contends that the ALJ erred at step five by relying on the vocational expert's testimony without first inquiring as to whether the vocational expert's testimony conflicted with the Dictionary of Occupational Titles ("DOT").

For disability determinations, an ALJ relies on the DOT for information concerning the requirements of work in the national economy. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, 2000 WL 1898704, at *2). The ALJ may also rely on the testimony of a vocational expert. Id. The ALJ also has the affirmative responsibility to ask whether a conflict exists between the vocational expert's testimony and the DOT. SSR 00-4p, 2000 WL 1898704, at *4; see also Massachi, 486 F.3d at 1152–53 (holding that an ALJ must adhere to SSR 00-4p in relying on a vocational expert's testimony). The ALJ must ask the vocational expert if her testimony conflicts with information provided in the DOT, and if so, the ALJ must obtain a reasonable explanation for the conflict. SSR 00-4p, 2000 WL 1898704, at *4. The purpose of this requirement is to "ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the Dictionary of Occupational Titles." Massachi, 486 F.3d at 1153.

The ALJ can properly rely upon the vocational expert's testimony as substantial evidence to support a disability determination subject to a determination that "the vocational expert's explanation for the conflict is reasonable, and whether a basis exists for relying on the expert rather than the" DOT. Id. However, an ALJ's failure to make this inquiry is harmless when there is no conflict between the vocational expert's testimony and the DOT, or if the vocational expert provides "sufficient support for her conclusion so as to justify any potential conflicts." Id. at 1154 n.19.

Here, the Commissioner does not dispute that the ALJ failed to ask the vocational expert

4

1    whether his testimony conflicted with the DOT.  Consequently, this Court "cannot determine

2    whether the ALJ properly relied on [the vocational expert's] testimony," id. at 1154, or whether

3    substantial evidence supports the ALJ's five-step analysis.  Id.  The Commissioner contends,

4    however, that the ALJ's failure was harmless error because the vocational expert's testimony did

5    not conflict with the DOT.[2]  Plaintiff argues that such a conflict does exist because the DOT

6    describes the shade assembler and masker jobs as requiring (1) reading and writing, as well as

7    involving (2) frequent pushing and pulling, even though Plaintiff's RFC excluded jobs with such

8    requirements.

### A.   Conflict Regarding Reading and Writing Requirements

At the hearing, the ALJ posed a hypothetical to the vocational expert describing an individual of Plaintiff's age, education, work background, and RFC, which included, among other things, that the individual be "limited to one to two-step simple instruction jobs that don't require any reading or writing."  AR 77.  The ALJ asked whether there were jobs in the regional or national economy that the hypothetical individual could do.  AR 78.  The vocational expert testified that such an individual could perform entry-level, sedentary work, and provided as examples the positions of shade assembler and masker.  Id.

Plaintiff argues that the vocational expert's testimony conflicts with the DOT's descriptions for each job because they require reading and writing.  The DOT job descriptions for shader and masker each require Level 1 Language skills.  DICOT 715.687-086, 1991 WL 679424; DICOT 739.684-094, 1991 WL 680137.  The DOT defines Level 1 Language as follows:

> Reading: Recognize meaning of 2,500 (two- or three-syllable) words.  Read at rate of 95-120 words per minute.  Compare similarities and differences between words and between series of

---

[2] Def.'s Mot. at 2:8–13 ("As a threshold matter, Defendant notes that while the ALJ did not explicitly ask the vocational expert whether his testimony was consistent with the Dictionary of Occupational Titles (DOT), any such failure was simply a procedural error that was harmless if Plaintiff could identify no conflict between the expert's testimony and the information found in the DOT.") (citing Massachi, 486 F.3d at 1154 n.19).

The Commissioner does not contend, and the Court does not address, whether the vocational expert provided "sufficient support for her conclusion so as to justify any potential conflicts," rendering the ALJ's failure harmless.

5

> numbers.
>
> Writing: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.
>
> Speaking: Speak simple sentences, using normal word order, and present and past tenses.

DICOT, Appendix C, 1991 WL 688702.  The DOT is plainly at variance with the vocational expert's testimony, since each job description contains a reading and writing requirement.  Neither the vocational expert nor the ALJ acknowledged this discrepancy.  Accordingly, the vocational expert could not evaluate whether and to what extent the availability of such jobs would be affected if the individual performing the job was precluded from reading or writing.  See, e.g., Barrera v. Astrue, No. 11-cv-348-TUCHCE, 2012 WL 4361416, at *10 (D. Ariz. Sept. 25, 2012) (where vocational expert identified jobs requiring DOT Language Level 1, but RFC provided claimant "is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English," ALJ's failure to reconcile conflict required remand); Oeur v. Astrue, No. 11-cv-00370-JEM, 2012 WL 234642, at *5–6 (C.D. Cal. Jan. 24, 2012) (same, where vocational expert idenfitifed jobs requiring Language Levels 1 and 2, but RFC stated claimaint "cannot read or write in English language").

      The Commissioner argues that because Level 1 Language is the lowest possible rating for language requirements under the DOT and that Plaintiff has at least a high school education and is able to communicate in English, Plaintiff can sufficiently perform the jobs as described under the DOT.  That argument conflicts with Plaintiff's RFC as determined by the ALJ, which precluded jobs requiring *any* reading or writing.  Although Plaintiff's limitations concerning reading and writing do not automatically entitle him to a finding of disability, "in order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation."  Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

      The Commissioner does not point to any other evidence in the record that could support the ALJ's determination at step five that Plaintiff was not disabled.  Nor does the Commissioner identify any authority for the proposition that Plaintiff's RFC can be reconciled with the Level 1

6

Language requirement for each of the jobs identified by the vocational expert. The Court therefore finds that the ALJ's error was not harmless.

Because neither the ALJ nor the vocational expert addressed the impact of Plaintiff's limitations concerning reading and writing on his ability and the availability of shade assembler and masker positions in the national economy, there was no reasonable basis for deviating from the DOT. Accordingly, the vocational expert's testimony cannot serve as substantial evidence in supporting the ALJ's determination at step five that Plaintiff is not disabled. Because the error was not harmless, the Court must remand for rehearing.

### B.  Conflict Regarding Repetitive Pushing and Pulling

Plaintiff's motion identifies a second conflict between the vocational expert's testimony and the DOT that was not reconciled by the ALJ. Plaintiff's RFC provided that Plaintiff is able to perform sedentary work with the exceptions that Plaintiff is able to lift and carry 10 pounds occasionally and less than ten pounds frequently, and that Plaintiff "cannot perform repetitive pushing and pulling with the lower extremities." AR 11–12. Plaintiff argues that the vocational expert's testimony that a hypothetical individual with Plaintiff's RFC could find jobs as a shade assembler or masker conflicts with the DOT because the description for each job requires repetitive pushing and pulling with the lower extremities. In response to the Commissioner's cross-motion for summary judgment, Plaintiff abandons that argument entirely, instead raising for the first time the argument that the RFC provides for a "need to frequently change position" that is inconsistent with the jobs identified by the vocational expert. "It is inappropriate to consider arguments raised for the first time in a reply brief." Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006). The Court declines to consider the argument.

## II. CONCLUSION

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)); see also Massachi, 486 F.3d at 1154 (remanding to Social Security Administration for failure to consider conflict between vocational expert's

testimony and DOT).  Here, because neither the ALJ nor the vocational expert explored whether the expert's testimony was consistent with the DOT, the Court "cannot determine whether the ALJ properly relied on [the vocational expert's] testimony."  Id. at 1154.  Nor can the Court determine whether substantial evidence supports the ALJ's five-step analysis.  Id.  Given the Court's finding that there was an apparent, unexplained conflict between the vocational expert's testimony and the DOT's Language Level 1 requirement, the Court finds the ALJ's error was not harmless.

Accordingly, the Court hereby GRANTS Plaintiff's Motion for Summary Judgment and DENIES the Commissioner's Cross-Motion for Summary Judgment.  The Commissioner's final decision is hereby VACATED and REMANDED for further administrative proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated:  November 22, 2013

_____
JON S. TIGAR
United States District Judge