UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE WELLS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 12-cv-05287-JST<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(B)**<br><br>Re: ECF No. 31 |

Before the Court is Plaintiff's Motion for Attorney Fees brought pursuant to 42 U.S.C. § 406(b) ("section 406"). ECF No. 31. For the reasons set forth below, the Court will grant the motion.

## I. BACKGROUND

In 2008, Plaintiff applied to the Social Security Administration ("SSA") for social security disability benefits. After an administrative law judge ("ALJ") denied benefits, Plaintiff appealed the denial to this Court. See ECF No. 1. This Court granted Plaintiff's motion for summary judgment, finding error in the ALJ's decision denying Plaintiff benefits, and remanded the case for further administrative proceedings. See ECF No. 20. On remand, the ALJ issued a decision awarding Plaintiff past-due benefits starting in July 2012 and totaling $27,633.60. ECF No. 3, Exs. 2, 3.

On March 31, 2014, pursuant to a stipulation, the Court awarded Plaintiff $2,737.39 in attorneys' fees under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 27. Plaintiff filed this motion on April 23, 2015, seeking an attorneys' fees award of $6,908.40 under section 406(b), which represents 25% of the past-due benefits awarded to Plaintiff.[1] ECF

---

[1] While counsel has requested an award of $6,983.40, the Court, having done its own calculation, has determined that a 25% award amounts to $6,908.40 ($27,633.60 (total award) x .25 (25% fee)

No. 31. Under their contingency fee agreement, Plaintiff and his counsel agreed that Plaintiff's counsel would be paid, pursuant to section 406(b), a maximum of 25% of the past-due benefits awarded to Plaintiff. ECF No. 31, Ex. 1 at 1. In the motion, Plaintiff's counsel also seeks an offset of the $2,737.39 in EAJA attorneys' fees that the Court previously ordered be paid to him for his work on this matter. ECF No. 31 at 1. After the offset, Plaintiff would be responsible for paying his counsel from his benefit award a net fee of $4,171.01, or 15.1% of past-due benefits.

## II.     LEGAL STANDARD

Section 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a [social security] claimant, . . . the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. See, e.g., Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorneys' fees under section 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Id. at 808-809. To evaluate the reasonableness of a fee request under section 406(b), the court should consider the character of the representation and the results achieved. Id.; see also Crawford, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25% in fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel

---

= $6,908.40). Plaintiff does not account for the $75.00 discrepancy between these numbers in his moving papers, so the Court adopts $6,908.40 as the proper amount of requested fees.

assumed by accepting the case.  See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808).

The Court must offset an award of section 406(b) attorneys' fees by any award of fees granted under the EAJA.  Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec., 698 F.3d 1215, 1218 (9th Cir. 2012).

## III.  ANALYSIS

The Court finds that Plaintiff's counsel's fee request is reasonable.  As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and his counsel is within the statutory ceiling; the agreement provides that if the SSA awards Plaintiff past-due benefits, Plaintiff will pay counsel a fee no greater than 25% of the past-due benefits awarded.  See ECF No. 31, Ex. 1.

Further, the Court finds that Plaintiff's counsel's work on this case was not insubstantial: he succeeded in having this matter remanded to the SSA, where Plaintiff prevailed and obtained past-due benefits as well as ongoing benefits.  ECF No. 31, Ex. 3.  Nothing suggests that Plaintiff's counsel provided substandard representation, or that Plaintiff's counsel delayed this litigation in order to amass more in potential fees.  And the time Plaintiff's counsel spent on work before this Court—approximately 24 hours of attorney and paralegal time—is not out of proportion to the fee award.  See ECF No. 31, Decl. of Robert C. Weems, ¶ 8 & Ex. 4; cf. Crawford, 586 F.3d at 1145 (awarding $21,000 in fees where fees represented 19.5 attorney-hours and 4.5 paralegal-hours of work).  Finally, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorneys' fees.  At the time that Plaintiff and his counsel signed the contingency fee agreement, this Court had only remanded the case to the SSA for further consideration; the Court had not ordered that any benefits be awarded.  See ECF No. 20.

After a review of the record, the Court finds the fee request reasonable and that it does not constitute a "windfall" to Plaintiff's counsel.  See Gisbrecht, 535 U.S. 789.  Accordingly, the Court will grant the motion for fees.

## CONCLUSION

For the foregoing reasons, the Court hereby grants Plaintiff's motion for attorneys' fees,

3

and awards fees in the amount of $6,908.40 to Plaintiff's counsel, less $2,737.39, the amount previously awarded and delivered to counsel under the EAJA. Plaintiff's counsel is thus entitled to a net total award of $4,171.01 in attorneys' fees, which the SSA shall withhold from the $27,633.60 award of past-due benefits, and pay to Plaintiff's counsel.[2]

IT IS SO ORDERED.

Dated: July 2, 2015

JON S. TIGAR
United States District Judge

---

[2] Because this case is ongoing, and Plaintiff has filed an appeal of the SSA's most recent decision, it is possible that Plaintiff could be awarded additional past-due benefits from the SSA. See Case No. 3:15-cv-00196-JST. If that occurs, any further attorneys' fee request shall be offset by the amount awarded to Plaintiff's counsel in this Order, as well as the earlier EAJA award. Cf. Parrish, 698 F.3d 1215. If, on the other hand, Plaintiff's appeal of the more recent decision granting benefits results in a reduced benefit award to Plaintiff, Plaintiff's counsel may have to remit fees to Plaintiff in proportion to the reduction in the benefit amount. Id.